UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES WESTLAKE and CHARLOTTE
WESTLAKE,

      Plaintiffs,

v.                    CASE NO:  8:15-cv-1626-T-33TBM

ATLANTIC RECOVERY SOLUTIONS, LLC,

      Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff
Charles Westlake's Motion for Attorney's Fees (Doc. # 19),
which was filed on December 3, 2015, by Timothy Condon, Esq.,
as well as Plaintiff Charlotte Westlake's Motion for
Attorney's Fees (Doc. # 21), which was filed on December 4,
2015, by Frederick Vollrath, Esq. Defendant Atlantic Recovery
Solutions, LLC filed a consolidated Response to both Motions
on December 17, 2015. (Doc. # 22).

The Court finds that Plaintiffs are entitled to an award
of attorney's fees pursuant to the provisions of the Fair Debt
Collections Practices Act and Florida Consumer Collections
Practices Act. However, the amount sought - $39,125.50 - is
beyond excessive. For the reasons that follow, the Court
awards Mr. Condon $4,162.50 and awards Mr. Vollrath a total of
$2,849.35 (comprised of $2,637.50 for Mr. Vollrath's services

and $211.85 for his paralegal's services).  In total, the fee award is $7,011.85.

## I.  Background

Charlotte Westlake and her son, Charles Westlake, initiated this case on July 10, 2015, with the filing of their Complaint alleging fraud in the inducement and intentional misrepresentation (count I), violation of the Fair Debt Collection Practices Act (count II), and violation of the Florida Consumer Collections Practices Act (count III). (Doc. # 1).  The nine-page Complaint was signed by Mr. Condon and Mr. Vollrath. (Id.).

On September 15, 2015, the Court issued its Scheduling Order (Doc. # 10) as well as its Order Referring the Case to Mediation (Doc. # 11).  In addition, on September 22, 2015, noting that Plaintiffs failed to move for entry of Clerk's Default when Atlantic Recovery Solutions missed the deadline to respond to the Complaint, the Court issued an Order directing Plaintiffs to show cause why the action should not be dismissed for lack of prosecution. (Doc. # 12).  Shortly thereafter, on September 22, 2015, Atlantic Recovery Solutions filed its Answer to the Complaint. (Doc. # 14).

On November 17, 2015, the mediator filed his report explaining: "The case had been settled except for Plaintiffs'

2

attorneys' fees and costs which shall be presented to the Court for resolution." (Doc. # 17). Notably, the case settled before the commencement of formal discovery, prior to any motions being filed, and without any hearings taking place.

Thereafter, Plaintiffs filed their respective Motions for Attorney's Fees.  Specifically, Mr. Condon filed his Motion for Attorney's Fees seeking fees totaling $23,310 (based on a rate of $350 per hour and claiming 66.6 hours worked). (Doc. # 19).   In addition, Mr. Vollrath filed his Motion for Attorney's Fees seeking fees totaling $15,615.50 (based on a rate of $350 per hour for attorney time and $95 per hour for paralegal time and claiming 42.2 hours of attorney time and 8.9 hours of paralegal time). (Doc. # 21).

Atlantic Recovery Solutions characterizes the fee request as "excessive and inappropriate" and requests that the Court award Mr. Condon $2,592.50 and award Mr. Vollrath $1,657.50. (Doc. # 22 at 2).  As detailed herein, the Court reduces the hourly rates of counsel from the requested rate of $350, to the rate of $250.  Thereafter, the Court applies a 75% across-the-board reduction to the number of hours requested to arrive at a total fees award of $7,011.85.

## II.  <u>Analysis</u>

In the context of this consumer collection action, it is

3

not disputed that Plaintiffs are entitled to recover reasonable attorneys fees and costs. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

In determining reasonable fees, the Court must calculate the lodestar, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable' the court is to consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." (Id.). The Johnson factors include (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to the attorney's acceptance of the case; (5) the customary fee; (6) whether the

4

fee is fixed or contingent; (7) the amount involved and the
results obtained; (8) the experience, reputation, and ability
of the attorneys; (9) the undesirability of the case; (10) the
nature and length of the professional relationship with the
client; and (11) awards in similar cases.  <u>Johnson</u>, 488 F.2d
at 717-719.

      A.  <u>**Reasonable Hourly Rate**</u>

      To calculate the lodestar in this case, the Court must
determine the reasonable hourly rate that Plaintiffs'
attorneys should have charged.  "A reasonable hourly rate is
the prevailing market rate in the relevant legal community for
similar services by lawyers of reasonably comparable skills,
experience, and reputation."  <u>Norman</u>, 836 F.2d at 1303
(citation omitted).

      Plaintiffs bear the burden of producing evidence of the
prevailing market rate, which must "speak to rates actually
billed and paid in similar lawsuits," and may include the
expert opinions of other attorneys.  <u>Id.</u>  To satisfy this
burden, Plaintiffs' counsel provided the "Unsworn Declaration"
of Terence S. Moore, Esq., an attorney "familiar with the
amounts customarily charged by attorneys and awarded by courts
in the surrounding community." (Doc. # 1 at ¶ 2). Mr. Moore's
opinion is that "an attorney's fee of $350 per hour is

reasonable for legal work performed by both counsel in this action." (Id. at ¶ 6).

In the Court's view, Mr. Moore's declaration offers only vague statements as to reasonableness of the fees and fails to persuade the Court that Mr. Condon and Mr. Vollrath are entitled to the hourly rate of $350 for the simple and routine case now under consideration. Rather, the Court agrees with the declaration testimony of Ernest H. Kohlmyer, III, Esq. provided by Defendant in objecting to the fees sought in this case. (Doc. # 22-1). Among other observations, Mr. Kohlmyer indicates:

> It is my opinion based on my experience litigating FDCPA/FCCPA cases through trial that there is rarely a need for more than a single experienced attorney to prosecute these types of cases [and] given Attorney Vollrath's and Attorney Condon's experience litigating these types of cases it is difficult for me to believe it was necessary for both of them to litigate this case.

(Doc. # 22-1 at ¶ 10). See also Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983)("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."). Rather than reflecting distinct contributions to the representation, the fee

6

documentation in this case shows unabated duplication and replication of tasks by multiple layers of legal professionals.

Mr. Kohlmyer also posits that: "With respect to a reasonable hourly rate, it is my opinion based upon my experience in litigating consumer law cases in the Tampa Bay area that a reasonable hourly rate for consumer attorneys ranges from $225 to $275 . . . . Attorney Vollrath's and Attorney Condon's respective experience in litigating these cases places them in the middle of this spectrum." (<u>Id.</u> at ¶ 12).

After due consideration, the Court determines that both attorneys are entitled to the hourly rate of $250. <u>See</u> <u>Anderson v. MFP, Inc.</u>, No. 8:12-cv-1843-T-TGW (M.D. Fla. Aug. 25, 2015)(rejecting fee application for $350 per hour in FDCPA case, and, instead awarding $250 per hour). The Court reserves higher rates for "the most skilled attorneys litigating <u>complex cases</u>." <u>Id.</u> (citing <u>Ottaviano v. Nautilus Ins. Co.</u>, 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010)). "A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most experience on a given issue, regardless of price, but only for one with reasonable experience at the market rate." <u>Ceres Envtl. Servs., Inc. v.</u>

Colonel McCrary Trucking, LLC, 476 F. App'x 198, 203 (11th
Cir. 2012); see, e.g., Valencia v. Affiliated Grp., Inc., 674
F. Supp. 2d 1300, 1308 (S.D. Fla. 2009)(rejecting counsel's
request for $350 hourly rate in FDCPA case based on the
finding that it was not a complicated case, among other
considerations); Sclafani v. I.C. Sys., Inc., No. 09-60174,
2010 U.S. Dist. LEXIS 35181, at *4 (S.D. Fla. Mar. 18,
2010)(finding "no support for the $350.00 hourly rate
requested" in FDCPA and FCCPA case based on the finding that
"the case was not novel or difficult").

The Court may use its discretion and expertise to
determine an appropriate hourly rate. Scelta v. Delicatessen
Support Servs., 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).
Utilizing its experience and expertise, and upon review of the
case law, the declarations of counsel, and having considered
the case file as a whole, the Court finds the rate of $250 per
hour is reasonable.  The Court takes no issue with the
proposed hourly rate of $95 for paralegal services.  See
Access for the Disabled, Inc. v. Osceola Enter. of Kissimmee,
Inc., No. 6:09-cv-1805-Orl-31GJK, 2010 U.S. Dist. LEXIS 74056
at *16 (M.D. Fla. July 1, 2010)(rejecting $115.00 per hour as
a reasonable fee for paralegal services and finding $95.00 per
hour to be reasonable for such services).

8

B.  <u>Reasonable Hours Expended</u>

Next, the Court must determine the number of reasonable hours expended by Plaintiffs' counsel.  Mr. Condon claims 66.6 hours of attorney time and Mr. Vollrath claims 42.2 hours of attorney time, in addition to 8.9 hours of paralegal time. The amount claimed is patently excessive and demonstrates to the Court that Plaintiffs' legal representatives did not utilize billing judgment.  No depositions were taken, no discovery demands were to have been exchanged (per Court Order), no motions (other than the present Motions for Attorney's Fees) were filed, and the case was not tried.  Rather, after the Complaint and Answer were filed, the case settled at the mediation conference.  From start to finish, the case was pending for less than five months.

The Court makes the following findings with respect to the amount of hours claimed in this action: (1) Mr. Condon's and Mr. Vollrath's time entries include block billing and are so vague that it is nearly impossible to determine the work performed by counsel; (2) Mr. Condon and Mr. Vollrath each include time entries that are clerical in nature; (3) two attorneys were not necessary for this case; (4) Mr. Condon and Mr. Vollrath have included unnecessary and duplicative time entries; and (5) the case was settled without motion practice,

9

trial, or traditional discovery, rendering the number of hours sought by counsel excessive and unnecessary.

The Court has frequently utilized an across-the-board fee reduction for instances were counsel have submitted fee ledgers containing block billing and in other circumstances where excessive fees were sought.  In this case, the Court determines that an across-the-board fee reduction of 75% is required to rectify the problem presented.  Most blatantly, Plaintiffs' counsel billed for the preparation of an Amended Complaint that was never authorized or filed, and also billed for the preparation of formal discovery (such as Requests for Admissions and Requests for Production) when the Court's scheduling order, which was filed in this type of case to curb fees and costs, prohibited the parties from propounding discovery requests.

"Fee applicants must exercise . . . 'billing judgment,' that means they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary hours.'" <u>ACLU of Ga. v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999)(quoting <u>Hensley</u>, 461 U.S. at 434).  Thus, fee applicants must exclude hours "that would be unreasonable to bill a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" <u>Norman</u>, 836 F.2d at

10

1301 (emphasis in original).

Here, Mr. Condon claims to have incurred 66.6 hours. The Court reduces these hours by 75% and will allow Mr. Condon to recover for 16.65 hours. Likewise, Mr. Vollrath claims to have incurred 42.2 hours. The Court reduces these hours by 75% and will allow Mr. Vollrath to recover for 10.55 hours for his services and will allow 2.23 hours his paralegal's services. Thus, the Court awards Mr. Condon $4,162.50 and awards Mr. Vollrath a total of $2,849.35 (comprised of $2,637.50 for attorney services and $211.85 for paralegal services).

The Court has made this reduction considering that the case was neither novel nor was it complex. The skill required to perform the legal services properly was not great, especially considering that the only pleading Plaintiffs filed was the initial complaint. There is no indication that Plaintiffs' counsel were precluded from other employment for the four months that this case was pending, and minimal efforts were expended to bring the case to a resolution. As previously noted, no Court time was required in this case, which settled at mediation shortly after Defendant filed an Answer. These considerations, and others detailed above, support the Court's reduction in the number of hours found to

be compensable. See Thornton v. Wolpoff & Abramson, L.L.P., 312 F. App'x 161, 164 (11th Cir. 2008)(affirming 85% reduction of lodestar in a FDCPA case); Vega v. Orlando Hous. Auth., No. 6:14-cv-1700-Orl-22GJK, 2015 U.S. Dist. LEXIS 122759, *3-4 (M.D. Fla. Sept. 15, 2015)(implementing a 75% across-the-board reduction of attorneys' fees sought after finding: "this case was a straightforward, uncomplicated matter that settled very quickly [and] by no stretch of the imagination could this be considered complex litigation.  Plaintiff was represented by able attorneys who achieved a good result for their client, but they spent (or at least billed) far too much time on the case").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Charles Westlake's Motion for Attorney's Fees (Doc. # 19), filed by Timothy Condon, Esq. and Charlotte Westlake's Motion for Attorney's Fees (Doc. # 21), filed by Frederick Vollrath, Esq., are **GRANTED IN PART** in the total amount of **$7,011.85,** consistent with the foregoing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE